# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHAHID TURNER-BEY,                          :

       Plaintiff,                              :
                                            :
       v.                                      :           Civil Action No. 04-1744 (RCL)
                                            :
DIRECTOR OF MEDICAL                         :
SERVICES (CCHP), *et al.*,                  :
                                            :
       Defendants.                             :


## MEMORANDUM OPINION

This matter is before the Court on consideration of a motion for judgment on the

pleadings filed on behalf of defendants Milling and Kornegay, and on Center for Correctional

Health & Policy Study, Inc.'s response to the Court's order to show cause. Having considered

these submissions, plaintiff's responses, and the entire record of the case, the Court will grant the

motion and dismiss this action.

### I. BACKGROUND

At all times relevant to the complaint, plaintiff was incarcerated at the District of

Columbia's Correctional Treatment Facility ("CTF"), which is operated by the Corrections

Corporation of America ("CCA").[1] On February 23, 2004, plaintiff "sliped [sic] and fell on [his]

back directly falling on [his] (tail-bone) located on [his] lower-back." Comp., ¶¶ 1-2.[2] Believing

---

[1]    Plaintiff since has been transferred to a Federal Bureau of Prisons facility in White
Deer, Pennsylvania.

[2]    Plaintiff submits his complaint on a three-page preprinted form designed for use
by prisoners filing civil rights complaints. To the form plaintiff attaches two typewritten pages

that he had "suffered some muscel [sic] strain," he took a hot shower and went to bed. *Id.*, ¶¶ 5-6. When he "attempted to get out of bed," he "found that he could'nt [sic] with-out [sic] great difficulty and un-bearable [sic] pain" in his lower back. *Id.*, ¶ 6. Plaintiff asked Corrections Officer Kornegay for medical assistance. *Id.*, ¶¶ 7-8. Officer Kornegay contacted Unit Manager Milling, who completed an incident report before plaintiff was taken to the medical department. *Id.*, ¶¶ 9-10. Plaintiff "was seen by the medical department, and was told that an appointment for an X,Ray [sic] would be made." *Id.*, ¶ 12. Medical staff provided plaintiff with ibuprofen and muscle relaxers, and sent him back to his housing unit. *Id.*, ¶ 12.

Plaintiff alleges that he has received no further medical treatment for his injury, either at CTF or at the federal facility to which he was transferred. Compl., ¶¶ 13-15. He continues to experience pain which has affected "his Mental Health ability to function daily." *Id.*, ¶ 15.

Plaintiff brings this action against CCA's Director of Medical Services, Unit Manager Milling and Corrections Officer Kornegay. *See* Compl. at 1. He demands monetary damages totalling $200,000. *Id.* at 3. The Court construes the complaint as a civil rights claim under 42 U.S.C. § 1983, charging defendants with inflicting cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution for their alleged failure to provide plaintiff adequate medical treatment.[3]

---

set forth in sequentially numbered paragraphs. References to paragraphs of the complaint refer to the numbered paragraphs in plaintiff's "Statement of Facts."

[3]       Because plaintiff identifies the defendants by their titles and workplace, the Court assumes that he sues them in their official capacities only. Furthermore, because none of these defendants has been served personally, *see* Dkt. #6 (return of service by mail), the Court lacks jurisdiction over them in their individual capacities. *See, e.g., Fields v. District of Columbia Dep't of Corr.*, 789 F. Supp. 20, 22 n.3 (D.D.C. 1992); *cf. Pollack v. Meese*, 737 F.Supp. 663,

(continued...)

## II.  DISCUSSION

### A.  Center for Correctional Health & Policy Studies, Inc.

The Center for Correctional Health & Policy Studies, Inc. ("CCHPS") is "the medical contractor that provides medical and mental healthcare for the inmates at DC Detention Facility. [It] is a separate corporate entity from the Correctional Corporation of America (C.C.A.)."  Resp. to Order to Show Cause, ¶ 3.  CCHPS has no "duty or responsibility for the institutional care for the prisoners, as its duties are related to the medical and mental healthcare for the inmates."  *Id.*

According to the Complaint, plaintiff brings this action against the "Director of Medical Services (CCHP)," an individual employed as the "Medical Director at (C.C.A.) Correctional Corporation of America."  Compl. at 1-2 (Caption and Sec. III of preprinted form).  The Complaint neither states the Medical Director's name, nor provides an address, nor makes any allegation of fact regarding his or her personal involvement with plaintiff's treatment.  The Complaint does not name CCHPS as a defendant, and does not appear to sue an employee of CCHPS.[4]  The Court concludes, then, that plaintiff intends to sue CCA, which is the party allegedly responsible for the "mis-manegment [sic] of his health care."  Compl., ¶ 15.  CCA, however, is not named as a defendant.

---

[3](...continued)
666 (D.D.C. 1990) ("[W]here damages are sought through a *Bivens* claim, personal service, and not service by certified mail, is necessary to obtain jurisdiction over a defendant in his capacity as an individual.").  Insofar as the claims are brought against these defendants in their official capacities, this action is treated as if it were brought against the municipality (or, in this case, against CCA) itself.  *See, e.g., Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (treating Section 1983 suit for damages against municipal officials in their official capacities as "equivalent to a suit against the municipality itself.").

[4]      In addition, CCHPS asserts that, even if it were named properly as a defendant, service of process was insufficient.  Resp't Resp., ¶ 7; Resp't Reply, ¶¶ 3-4.

## A. Defendants Milling and Kornegay

Defendants Milling and Kornegay move for judgment on the pleadings. Under Rule

12(c) of the Federal Rules of Civil Procedure, the Court may grant a motion for judgment on the

pleadings "if the moving party demonstrates that no material fact is in dispute and that it is

entitled to judgment as a matter of law." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483,

1485 (D.C. Cir. 1992) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d

Cir. 1988)). Defendants cannot succeed on a motion for judgment on the pleadings, however, "if

there are allegations in the complaint which, if proved, would provide a basis for recovery."

*Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

A successful Eighth Amendment claim must satisfy both parts of a two-pronged test. *See*

*Pryor-El v. Kelly*, 892 F.Supp. 261, 266 (D.D.C. 1995). A plaintiff first must show that the

alleged deprivation is sufficiently serious to be considered cruel and unusual. A medical need is

serious if it either is diagnosed by a physician as mandating treatment or is so obvious that a lay

person easily would recognize the necessity of a doctor's attention. *Cox v. District of Columbia*,

834 F. Supp. 439, 441 (D.D.C. 1992). A plaintiff next must allege that a government official

acted with a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294 (1991). A

claim of deliberate indifference under the Eighth Amendment must allege that the defendant

subjectively was aware of the excessive risk to plaintiff's health or safety posed by his action or

inaction. A "prison official cannot be found liable under the Eighth Amendment . . . unless the

official knows of and disregards an excessive risk to inmate health or safety." *Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994).

In light of the liberal pleading standards applied to *pro se* complaints, *see Haines v.*

4

*Kerner*, 404 U.S. 519, 520 (1972), the Court presumes without deciding that plaintiff's back injury is a serious medical need.  He fails to allege an actionable Eighth Amendment claim for deprivation of medical care, however.  Plaintiff's own complaint credits CCA officials with prompt action: Officer Kornegay contacted Unit Manager Milling, who in turn completed an incident report "needed for the plaintiff to be seen by the Medical Dept."  Comp., ¶ 9.  He further states that he was treated on the same date as the incident, and that x-rays of his left hip and lumbar spine were taken a few days later.  *Id.*, ¶ 12 & Ex. (CCA Inmate/Resident Grievance Form, Grievance Officer's Report).  Defendants' actions negate any assertion that they acted or failed to act with deliberate indifference to plaintiff's medical need.

Even if plaintiff had stated an Eighth Amendment claim and had named CCA as a party defendant, his complaint fails to allege defendants' liability.  A municipality cannot be held liable for monetary, declaratory or injunctive relief under 42 U.S.C. § 1983 unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 (1978).  Nor is a municipality liable under § 1983 on a *respondeat superior* theory simply because of the action or inaction of persons in its employ.  *Id.* at 691.  In this circumstance, because CCA is operating a correctional facility that the District of Columbia ordinarily would operate, CCA is treated as if it were a municipality.  *See Gabriel v. Corrections Corp. of America*, 211 F.Supp.2d 132, 138 (D.D.C. 2002) (concluding that private corporation operating prison under contract with District of Columbia government is "state actor" for purposes of § 1983).  CCA cannot be held liable for monetary, declaratory or injunctive relief under 42 U.S.C. § 1983 unless the constitutional violations of which plaintiff

complains are the result of a CCA policy or custom. *Monell*, 436 U.S. at 690; *Gabriel*, 211

F.Supp.2d at 138. Plaintiff's complaint is deficient for its failure to allege that the deprivation of

his constitutional rights was caused by a CCA policy or custom. *See Carter v. District of*

*Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808,

817 (1985)) (plaintiff must show a course deliberately pursued by the city establishing

affirmative link between city's policy and alleged constitutional violation). Nothing in the

complaint articulates such a policy or custom or its connection to the injuries plaintiff allegedly

suffered.

Accordingly, the Court will grant defendants' motion for judgment on the pleadings, and

will dismiss this civil action without prejudice. An Order consistent with this Memorandum

Opinion will be issued separately on this same date.


ROYCE C. LAMBERTH
United States District Judge

DATE: 12/22/05